## Mental Patients

WOODWARD, Deputy Attorney General, January 16, 1948.—The Department of Justice is in receipt of your request for an opinion interpreting the Private Nursing Home and Private Hospital Licensing Act, in relation to nonpsychotic alcoholic patients and drug addicts.

In amplification of your request, you state that the Bureau of Community Work, division of homes and hospitals, which licenses nursing and convalescent homes under the Private Nursing Home and Private Hospital Licensing Act of June 12, 1931, P. L. 510, as amended, 35 PS §424 et seq., and the Bureau of Mental Health, which licenses facilities that restrain, care for and treat mental patients, under The Mental Health Act of July 11, 1923, P. L. 998, as amended, 50 PS §1 et seq., wish a clarification of their proper jurisdictions under these respective acts, in the cases of facilities that accept only alcoholic and drug addict patients.

You further inform us that the Bureau of Mental Health has reviewed such sanitaria, but has been unable to license them as mental facilities, because each one vigorously protests the formal commitment of their clients, the association of the word "mental" with their patients, and their extreme reluctance to cooperate with the rather strict regulations that must be exercised for mental facilities; and that, at the same time, such sanitaria deny that they exercise any form of restraint or forced detention of their patients; and that, since the Bureau of Mental Health issues only licenses "to detain mental patients", giving to such facilities that comply with statutory and regulatory provisions, the privilege of exercising restraint, care, and treatment, this bureau does not take any further action in such cases.

It appears that the reason for your request is that the Bureau of Community Work is uncertain as to the interpretation of its licensing powers, which govern facilities that house "persons requiring care, treatment, or nursing by reason of sickness, injury, infirmity, or other disability".

The act relating to private nursing homes and private hospitals, to which you refer, the Act of June

12, 1931, P. L. 510, provides, in section 1 thereof, as follows:

"After the effective date of this act, *it shall be unlawful* for any person, copartnership, association, or corporation *to operate* for profit, within this Commonwealth, *a private nursing home or private hospital, for persons requiring care, treatment, or nursing by reason of sickness, injury, infirmity, or other disability,* without a license as hereinafter required, but this act shall not be construed to apply to any State or State-aided institution or any institution licensed by the Department of Welfare under other statutes." (Italics supplied.)

The foregoing act does not define what is meant by "private nursing home or private hospital"; however, from the above-quoted section, it appears that a private nursing home or private hospital, within the meaning of the act, is a place for the reception of persons requiring, care, treatment, or nursing by reason of sickness, injury, infirmity, or other disability.

Under the definition of the word "hospital", 19 Words and Phrases, Pocket Part, 133, it is stated:

"An institution, having a trained and a practical nurse on duty at all times and having a doctor retained for call in case of emergencies, with a small number of selected patients who were visited regularly by their own doctors and who were infirm or ill but not to such an extent as to require the attention or services given at a fully equipped hospital, was an instiution having the attributes of both a 'hospital' and a 'boarding and lodging house', within meaning of a zoning ordinance, and was entitled to a permit under the ordinance. Ky. St. §3037H-111 et seq. Id."

It is clear that the private homes and private hospitals mentioned in the act have the right to receive for care, treatment or nursing, nonpsychotic alcoholic patients, and drug addicts, who are not mental patients.

We understand that there are a number of such private homes or private hospitals within the Commonwealth, known as homes or sanitaria; there are no bars on the windows; they accept only alcoholic patients and drug addicts; and they are required to be licensed under the Private Nursing Home and Private Hospital Act, supra, and not under The Mental Health Act, supra.

Patients are received upon their own voluntary applications, or the applications of friends or relatives, without court commitments; they are placed under no restraint, and they receive no forced detention, care or psychiatric treatment.

The attitude of such institutions in seeking to avoid any association with the idea of "mental patients", or "mental hospitals", in protesting the formal commitment of their patients, and in their reluctance in complying with the strict regulations governing "mental institutions", is readily understandable. Undoubtedly, such homes and hospitals render services to persons suffering from illnesses which do not fall within the classification of "mental illness" to the extent usually termed "insanity".

However, private nursing homes and private hospitals may not operate mental hospitals under the guise of compliance with the provisions of the Private Nursing Home and Private Hospital Licensing Act, supra.

Under section 5 of said act, the Department of Welfare has the right of visitation, examination, and inspection of all such homes and hospitals; and under section 6 of said act, upon any violation of the rules or regulations adopted, or any failure to establish, provide or maintain standards and facilities required, by the department, may revoke the licenses of such homes and hospitals.

By the express provisions of the act, the Department of Welfare is clothed with ample power to compel

compliance with all the requirements of the act, and the rules and regulations thereunder issued.

Obviously, not all alcoholics or drug addicts require care and treatment in mental hospitals; although undoubtedly, many alcoholics and drug addicts are "mental patients", requiring care and treatment under the provisions of The Mental Health Act, supra, and related laws. There are many persons, who are dangerous to the public or to themselves, who should certainly be given forced care and treatment in hospitals for the mentally ill.

The care and treatment of mental patients is governed by The Mental Health Act of 1923, supra, which was a revision and codification of previous legislation with respect to insanity, and furnishes a complete method of procedure for mental patients, in conjunction with subsequent related laws.

It may be stated generally that admission to a hospital for mental diseases may be made upon voluntary application, upon application of relatives or friends, and upon order of court.

The term, "mental patient", is defined by section 103 of The Mental Health Act of 1923, as amended, supra, 50 PS §3, as follows:

" 'Mental patient' shall mean any person who is or is thought to be mentally ill, mentally defective, epileptic, or inebriate, or who is or has been an inmate of any hospital, school, or place for such persons or for whom admission thereto is being sought."

The word, "care", is defined by section 103 of The Mental Health Act of 1923, as amended, supra, 50 PS §3, as follows:

" 'Care' shall include reception, detention, custody, care, treatment, maintenance, support, segregation, education, culture, training, discipline, improvement, occupation, employment, medical and surgical treatment and nursing, food, and clothing."

The word, "inebriate", is defined by section 103 of The Mental Health Act of 1923, as amended, supra, 50 PS §3, as follows:

" 'Inebriate' shall mean a person habitually so addicted to the use of alcoholic or other intoxicating or narcotic substances as to be unable without help or unwilling to stop the excessive use of such substances. The term shall be held to include 'dipsomaniac,' 'habitual drunkard,' 'person addicted to the use of alcoholic drink or intoxicating drugs,' 'person so habitually addicted to the use of alcoholic drink, absinthe, opium, morphine, chloral, or other intoxicating liquor or drug as to be a proper subject for restraint, care, and treatment in a hospital or asylum,' 'person habitually so addicted to the use of alcohol or narcotic drugs as to be a proper subject for restraint, care, and treatment.' But for the purposes of this act, the term shall mean only those inebriates who, except for their inebriety, are of good character and reputation."

The license to care for mental patients is issued to mental hospitals under the provisions of section 201 of The Mental Health Act of 1923, as amended, supra, 50 PS §21, which is, in part, as follows:

"Mental patients in the Commonwealth shall be cared for—

. . . . . . . .

"(c) In such semi-State or private institution or places as shall have procured from the department licenses as provided for in this act: Provided, That the authorities of general hospitals may set apart or establish beds, wards, or departments, for the temporary care of mental patients, under such conditions as may be approved by the department; but no mental patient shall be admitted for care to any place, except a general hospital, unless such place shall have a license for such purpose from the department."

How and to what extent may enforced care be exercised upon a person not suffering from a "mental ill-

ness"? Whether a person requires the care afforded by a private nursing home or private hospital, or that furnished by a mental hospital, is a question to be determined by the facts of each particular case.

In 31 Journal of the American Judicature Society 47, 48, it is stated:

". . . we should, and may, legally provide for enforced hospitalization of the person who is mentally ill . . . if he falls within the following definition:

" 'The person who now is or with reasonable probability or certainly soon will become mentally ill to a degree which will so lessen the capacity of such person to use his customary self-control, judgment and discretion in the conduct of his affairs and social relations as to make it advisable for him to be under medical and hospital treatment, care, supervision or control either for the protection of society or of the individual.' "

While the foregoing definition is illustrative, nevertheless, it must be taken into consideration in conjunction with the provisions of The Mental Health Act of 1923, supra, and other related laws.

A comparison of the two statutes herein discussed reveals no inconsistency or conflict of laws.

We are of the opinion, therefore, and you are accordingly advised, that private nursing homes and private hospitals, properly licensed under the provisions of the Act of June 12, 1931, P. L. 510, as amended, 35 PS §424, et seq., usually referred to as the Private Nursing Home and Private Hospital Licensing Act, may accept nonpsychotic alcoholic patients and drug addicts, namely those persons requiring care, treatment, or nursing by reason of sickness, injury, infirmity, or other disability; but mental patients in the Commonwealth shall be cared for in State institutions, and in such semi-State or private institution or places as shall have procured licenses therefor from the Department of Welfare; provided, that the authorities of

general hospitals may set apart or establish beds, wards, or departments, for the temporary care of mental patients, under such conditions as may be approved by the department; but no mental patient shall be admitted for care to any place, except a general hospital, unless such place shall have a license for such purpose from the department, under the provisions of section 201 (c) of The Mental Health Act of 1923, as amended, supra, 50 PS §21 (c).